IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENNSYLVANIA MANUFACTURERS
INDEMNITY COMPANY,

    Plaintiff,

v.

SIX CONTINENTS HOTELS, INC. AND
HOLIDAY HOSPITALITY
FRANCHISING, LLC,

    Defendants.

Civil Action No. 22-1603-RGA

## MEMORANDUM OPINION

Dawn C. Doherty, Brett T. Norton, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, DE; Steven J. Engelmeyer, Eric J. Schreiner, KLEINBARD LLC, Philadelphia, PA,

    Attorneys for Plaintiff.

Jennifer C. Wasson, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Amanda M. Leffler, Andrew W. Miller, SHUMAKER, LOOP & KENDRICK, LLP, Akron, Ohio,

    Attorneys for Defendants.

March , 2024

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

The Magistrate Judge issued a Report and Recommendation (D.I. 27) recommending that I grant Defendants' Motion to Dismiss (D.I. 8). Plaintiff filed Objections to the Report, asserting twelve errors in the Report. (D.I. 28). Defendants responded to Plaintiff's Objections. (D.I. 29). I have considered the parties' briefing. For the reasons set forth below, I will adopt the Report and Recommendation.

I. **BACKGROUND**

The instant case concerns Plaintiff's duty to defend and to indemnify Defendants in an action now pending in the United States District Court for the Northern District of Ohio (the "Underlying Action."). (D.I. 1 ¶ 2; *see R.C. v. Choice Hotels Int'l Inc.*, No. 23-cv-872 (N.D. Ohio)). Defendants tendered defense of the Underlying Action to Plaintiff, asserting that they qualified as additional insureds on an insurance policy issued by Plaintiff to non-party Alliance Hospitality, Inc. (D.I. 1 ¶¶ 29–34). Plaintiff filed the present action, seeking a declaratory judgment that it has no obligation to defend or to indemnify Defendants. (*Id.* ¶ 2).

Defendants move to dismiss this action under FED. R. CIV. P. 12(b)(7). (D.I. 8). Defendants alternatively request that I decline discretionary jurisdiction over this case under the Declaratory Judgment Act or transfer this matter to the United States District Court for the Northern District of Ohio.[1] (*Id.*).

The Magistrate Judge's report sets forth the relevant facts and law and I will not repeat them here except as necessary to explain my decision.

---

[1] In view of the recommendation to dismiss the case, the Magistrate Judge did not reach the alternative request that I exercise my discretion to transfer the case to the Northern District of Ohio. (D.I. 27 at 17; *see* D.I. 9 at 16-20; D.I. 15 at 11-14; D.I. 16 at 8-10). Since I agree with the Magistrate Judge's decision recommending dismissal, I too do not reach the transfer request.

The plaintiff in the Underlying Action (the "Ohio Plaintiff") alleges in her second amended complaint that she was repeatedly sex trafficked at a Holiday Inn in Akron, Ohio (the "Holiday Inn"). (D.I. 57 ¶ 4, 31 in No. 23-cv-872 (N.D. Ohio)). The Holiday Inn is a "branded property" of Defendants, which are "major hotel brand corporations." (*Id.* at ¶ 31). Defendants answered the Ohio second amended complaint by, among other things, asserting that it needed to be dismissed for failure "to join necessary and indispensable parties, including . . . the owner and operator of the hotel." (D.I. 58 in No. 23-872 (N.D. Ohio) at 24). The parties agree that Defendants do not own or directly operate the hotel at issue. (D.I. 27 at 2; D.I. 1 ¶ 7). Defendant Holiday Hospitality, non-party Jai Shiyaram, Inc., and non-party Alliance Hospitality, Inc. had entered into licensing and management agreements allowing Jai Shirayam to operate the Holiday Inn under Defendant's brand and allowing Alliance, the actual owner of the hotel, to manage its day-to-day operations. (D.I. 15 at 1, 3–4). The Ohio Plaintiff did not name either Shirayam or Alliance as Defendants. Indeed, the Ohio second amended complaint reads as though Shirayam and Alliance do not exist.

## II. LEGAL STANDARD

A magistrate judge may make a report and recommendation regarding a case-dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). A motion to dismiss is considered a dispositive motion. D. Del. LR 72.1(a)(3). The Court may "accept, reject, or modify the recommended disposition" of the magistrate judge. FED. R. CIV. P. 72(b)(3).

## III. DISCUSSION

### A. Dismissal under Rule 12(b)(7)

The Magistrate Judge recommends that I grant Defendants' motion to dismiss on the basis that Alliance is a necessary and indispensable party. (D.I. 27 at 7–13; *see* FED. R. CIV. P. 12(b)(7), 19). For the following reasons, I adopt the Magistrate Judge's recommendation.

#### 1. Necessary Party

##### a. Rule 19(a)(1)(B)

Plaintiff objects to the Magistrate Judge's determination that Alliance is a necessary party under FED. R. CIV. P. 19(a)(1)(B)(ii). (D.I. 28 at 2). The Magistrate Judge made this finding on the basis of the "substantial risk" of "inconsistent obligations to both Plaintiff and Defendants.

###### i. Plaintiff's Risk of Inconsistent Obligations

Plaintiff argues that the Magistrate Judge's finding that Plaintiff faced a substantial risk of inconsistent obligations was "based on pure speculation that a court in another potential future action involving Alliance and [Plaintiff] could reach different conclusions concerning the policy at issue in this case." (*Id.*).

Plaintiff is correct that "the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301–02 (3d Cir. 1980). Plaintiff, however, conflates "inconsistent judgments" with "inconsistent obligations." "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *N. Am. Specialty Ins. Co. v. Chichester Sch. Dist.*, 2000 WL 1052055, at *25 (E.D. Pa. July 20, 2000) (citing *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998)). "Inconsistent adjudications or results, by contrast, occur when a defendant

4

successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Id.*

As an example of this contrast, the Third Circuit found a risk of inconsistent judgments, but not a risk of inconsistent obligations, in *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306 (3d Cir. 2007). The *Gen. Refractories* defendants, composed of sixteen insurance companies, argued that "the district court . . . could determine that the exclusions contained in the policies are unenforceable, requiring them to indemnify [the plaintiff] for its asbestos-related losses in the underlying actions, while a second court in a later action against the absent insurers for contribution and/or indemnification could reach a contrary conclusion, thus foreclosing recovery by defendants for their losses in whole or in part." *Id.* at 318. The Third Circuit found that "the possibility defendants may have to shoulder the entire loss" did not constitute a risk of inconsistent obligations. *Id.* at 318–19. In other words, while there was a "possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic," the insurance companies could simultaneously comply with both judgments. *Field*, 626 F.2d at 301–02.

In the instant action, the Magistrate Judge concluded that she "cannot, on this record, find that Alliance would be collaterally estopped from taking a position in a future proceeding that is inconsistent with this Court's ruling." (D.I. 27 at 9). Plaintiff does not contest this finding.[2] Assuming Plaintiff obtains a decision stating it is not required to defend or to indemnify Defendants, Alliance could relitigate both these issues and receive a judgment that Plaintiff is required to defend or to indemnify Defendants under the insurance policy. (*Id.* at 10). Plaintiff

---

[2] Plaintiff also does not object to the Magistrate Judge's implicit determination that it qualifies as an "existing party" under Rule 19(a)(1)(B)(ii).

5

would then be subject to rulings that it is both required and not required to defend Defendants.[3] Given Alliance's interest in the issue at hand, the possibility that Plaintiff will face inconsistent obligations with regard to its potential duties to defend and to indemnify is not an "unsubstantiated or speculative risk." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604, at 63 (4th ed. 2020) ("The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria."). I therefore overrule the objection and find Alliance is a necessary party.

### ii. Defendant's Risk of Inconsistent Obligations

The Magistrate Judge found that Alliance was a necessary party based on her conclusion that Defendants face a risk of inconsistent obligations. (*Id.* at 11). Plaintiff opposes this conclusion on the basis that "the underlying complaint alleges negligence solely by Defendants,

---

[3] I understand that Alliance could technically "comply with one court's order without breaching another court's order" in such a scenario as a ruling that Plaintiff has no duty to defend Defendants is not the same as a ruling that it is prohibited from defending Defendants. *Chichester Sch. Dist.*, 2000 WL 1052055, at *25. I nevertheless understand that the "inconsistent obligations" inquiry does not solely deal with mutually exclusive obligations. Instead, it also protects the benefits a party might receive from a favorable adjudication of an issue from later relitigation on the same issue. *See Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 434–35 (4th Cir. 2014) (finding Defendant faced a substantial risk of inconsistent obligations because one district court might find an arbitration clause enforceable while another district court finds the same clause unenforceable); *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1276–80 (10th Cir. 2012) (finding the State of Wyoming faced a substantial risk of inconsistent obligations because another Indian tribe could relitigate the issue of whether a parcel of land qualified as "Indian country" and therefore could not be taxed by the state); *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1080 & n. 8 (5th Cir. 1984) (finding an existing party faced a substantial risk of inconsistent obligations based on the possibility of inconsistent rulings between a U.S. court and an Australian court regarding whether it was subject to a receivership).

6

not by Alliance."[4] (D.I. 28 at 3). Put differently, Plaintiff contends that Defendants do not qualify as additional insureds because Alliance's "acts or omissions" are not at issue in the Underlying Action. (D.I. 1 ¶ 30 (quoting D.I. 1-2, Ex. B, at 28 of 38)). The duty to defend and the duty to indemnify are "separate and distinct" and implicate different analyses. *See Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 352 (D. Del. 2009) (citing *Charles E. Brohawn & Bros., Inc. v. Emps. Com. Union Ins. Co.*, 409 A.2d 1055, 1058 (Del. 1979)); *M/G Transp. Servs., Inc. v. Water Quality Ins. Syndicate*, 234 F.3d 974, 979 (6th Cir. 2000) (citing *Lessak v. Metro. Cas. Ins. Co. of N.Y.*, 151 N.E.2d 730 (Ohio 1958)). I therefore address each individually.

Plaintiff claims that adjudicating its duty to defend only requires a review of the Ohio second amended complaint. (*Id.* (citing *Am. Legacy Found. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 640 F. Supp. 2d 524, 536 (D. Del. 2009), *aff'd sub nom. Am. Legacy Found., RP v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 623 F.3d 135 (3d Cir. 2010) ("Delaware courts 'typically look[] to the allegations of the complaint to decide whether the third party's action against the insured states a claim covered by the policy, thereby triggering the duty to defend.'" (citing *Am. Ins. Grp. v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del. 2000))))).

In support of its argument, Plaintiff invokes the "eight corners rule," which requires only "a comparison of the 'four corners' of the complaint with the 'four corners' of the [insurance] policy." *Am. Legacy Found.*, 640 F. Supp. 2d at 536 n. 29 (quoting *Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 66 n. 4 (D.C. 2002)); *see Am. Legacy Found.*, 623 F.3d at 146 (Fuentes, J.,

---

[4] While Plaintiff argued that it faced a risk of inconsistent judgments rather than a risk of inconsistent obligations, Plaintiff does not raise a corresponding objection that Defendant only faces a risk of inconsistent judgments. I consider the issue conceded.

concurring). I agree with Plaintiff that, under Delaware law, I would not need to reach the facts of the Underlying Action to decide its obligation to defend.

Ohio substantive law, however, likely governs contract interpretation in this case. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 865 F.3d 388, 504 (3d Cir. 2016) ("Because the Policy itself did not contain a choice-of-law provision, to determine which state's substantive law applies we 'must apply the choice of law rules of the forum state.'"); *Certain Underwriters at Lloyds, London v. Chemtura Corp.*, 160 A.3d 457, 464 (Del. 2017) ("Delaware follows the Second Restatement's 'most significant relationship' analysis when considering choice of law in contract disputes."). The Supreme Court of Ohio dictated the relevant law in *City of Willoughby Hills v. Cincinnati Ins. Co.*:

> [T]he pleadings alone may not provide sufficient factual information to determine whether the insurer has an obligation to defend the insured. It remains true that where the pleadings unequivocally bring the action within the coverage afforded by the policy, the duty to defend will attach. However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the "scope of the allegations" may encompass matters well outside the four corners of the pleadings.

459 N.E.2d 555, 558 (Ohio 1984). The Supreme Court of Ohio also ruled that, conversely, if a claimant's allegations clearly and indisputably fall outside the scope of coverage provided by the policy, then the insurer has no duty to defend. *Cincinnati Indem. Co. v. Martin*, 710 N.E.2d 677, 678 (Ohio 1999). In interpreting these cases, Ohio appellate courts have held, "Only when a review of the allegations of the complaint reveals claims that potentially or arguably fall within the purview of the policy does a court then look to extraneous matters to determine whether a defense is required of the insurer." *Hahn's Elec. Co. v. Cochran*, 2002 WL 31111850, at *3

8

(Ohio Ct. App. 2002); *see also Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc.*, 750 N.E.2d 1169, 1176–77 (Ohio Ct. App. 2001).

Ruling on Plaintiff's objection therefore turns on whether or not the complaint and the policy clearly demonstrate that Alliance's acts or omissions are or are not at issue in the Underlying Action. I believe they do. (*See, e.g.*, D.I. 1 ¶ 30 ("Such person or organization is an additional insured only with respect to liability . . . caused, in whole or in part, by . . . 1. Your acts or omissions; or 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured." (quoting D.I. 1-2, Ex. B, at 28 of 38)); D.I. 1-1, Ex. A ¶¶ 28 n. 9, 31.b ("[Defendants Six Continents and Holiday Hospitality] are liable, either directly, vicariously, or indirectly through an agency relationship, for the acts and/or omissions of the employees at its branded hotels, including the Akron Holiday Inn where R.C. was trafficked.")). I find that, even under Ohio law, determining Plaintiff's duty to defend only requires looking at the pleadings in the Underlying Action. I therefore agree with Plaintiff that Defendants do not face a substantial risk of inconsistent obligations with regard to adjudication of Plaintiff's duty to defend. I next turn to whether the same result arises from Plaintiff duty to indemnify.

Under both Delaware and Ohio law, courts determine an insurer's duty to indemnify based on the insured's actual liability. *See Pike Creek Chiropractic Ctr, P.A. v. Robinson*, 637 A.2d 418, 421 (Del. 1994); *M/G Transp. Servs.*, 234 F.3d at 979 (citing *Chemstress Consultant Co. v. Cincinnati Ins. Co.*, 715 N.E.2d 208 (Ohio Ct. App. 1998)). As a result, ruling on Plaintiff's indemnity obligation could not rely solely on the pleadings and the insurance policy

9

and would require an examination of the facts in the Underlying Action.⁵ I find Defendants would face a substantial risk of inconsistent obligations in regard to the duty to indemnify.

I therefore overrule Plaintiff's objection and find Alliance is a necessary party on the alternative basis that Defendants face a substantial risk of inconsistent obligations in relation to at least one of the issues in this case.

### b. Rule 19(a)(1)(A)

The Magistrate Judge concluded that Alliance was a necessary party under Rule 19(a)(B)(ii) and chose not to address Defendants' alternative argument that Alliance was a necessary party under Rule 19(a)(1)(A). (D.I. 27 at 7; *see* D.I. 9 at 7–8). The Magistrate Judge's analysis of the Rule 19(b) factors nevertheless supports a finding that Alliance is a necessary party under Rule 19(a)(1)(A). "The first joinder standard, which is prescribed in Rule 19(a)(1)(A), is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." Wright, Miller & Kane, *supra*, § 1604, at 36. "The Rule 19(a)(1)(A) test for determining whether the joinder of a particular person is desirable is closely related to several of the factors mentioned in Rule 19(b) for ascertaining whether a person whose joinder is not feasible should be regarded as indispensable." *Id.* at 45–47. "This

---

⁵ Though the Magistrate Judge ultimately thought it unnecessary to address the issue, she noted that it may be premature to address indemnification given the lack of resolution of the Underlying Action. (D.I. 27 at 3 n. 3). I share the Magistrate Judge's concern. *See GuideOne Mut. Ins. Co. v. Reno*, 2002 WL 857682, at *2 (Ohio Ct. App. 2002), *aff'd sub nom. Cincinnati Ins. Co. v. Anders*, 789 N.E.2d 1094 (Ohio 2003) ("The duty to indemnify is triggered by the insured's actual legal liability."); *Pike Creek*, 637 A.2d at 421 ("The indemnitee's actual wrongdoing or lack thereof, not a third-party plaintiff's allegations, should be determinative. . . . A court construing an indemnification agreement should look to the actual facts developed through discovery, or at trial, to determine if the indemnitee is free from actual wrongdoing and therefore entitled to complete indemnification."). Given my disposition of Plaintiff's claims, I also decline to address the ripeness question.

connection is especially close in the case of the third factor listed in subdivision (b), which requires the court to consider the adequacy of any judgment that might result in the action if the absentee is not joined." *Id.* at 47; *see id.* at 43 ("This standard also furthers the interest of the public in judicial economy by avoiding repeated lawsuits involving essentially the same subject matter. Thus, courts also have considered in evaluating this factor whether joinder will avoid multiple actions and potentially inconsistent verdicts.").

As explained below, any judgment rendered in Alliance's absence would be "hollow or incomplete . . . because of the inability to bind [Alliance]." *Id.* § 1608, at 117–18; *see infra* Section III.A.2. As I would be unable to "accord complete relief among the existing parties," I alternatively find Alliance to be a necessary party under Rule 19(a)(1)(A).

### 2. Indispensable Party

Plaintiff objects to the Magistrate Judge's determination that Alliance is an indispensable party under FED. R. CIV. P. 19(b). (D.I. 28 at 4). Plaintiff argues that the Magistrate Judge erred in her analysis of three out of the four factors considered in determining whether an absent party is indispensable. (*Id.*).

As an initial matter, the Magistrate Judge found that Plaintiff's Answering Brief offered no argument on indispensability. (D.I. 27 at 12). Plaintiff maintains that its brief referenced an earlier portion of its brief. (D.I. 28 at 4 (quoting D.I. 15 at 8 ("As discussed in detail above, neither Alliance or [Defendants] face significant risk of prejudice if this case is adjudicated in Alliance's absence. Thus, there are no grounds for dismissal under Rule 19."))). I will credit Plaintiff's position on risk of prejudice on the basis that "the first factor under Rule 19(b) 'overlaps considerably with the Rule 19(a) analysis.'" *Gen. Refractories,* 500 F.3d at 320 (citing *Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 641 n. 4 (3d Cir. 1998)).

11

Plaintiff's brief does not contain a similar mention regarding adequacy of judgment. I consider Plaintiff's arguments regarding the third factor forfeited, but I will nevertheless address them. *See Trackthings LLC v. Netgear Inc.*, 2023 WL 5993186, at *2 (D. Del. 2023) ("The Third Circuit has regularly held that parties forfeit arguments not sufficiently argued at an appropriate earlier stage."); Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Oct. 9, 2013) ("Any party filing objections must include a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise them before the Magistrate Judge." (edited and cleaned up)) (available on the Court's website).

Plaintiff objects to the Magistrate Judge's finding that, under the first factor, there was a risk of prejudice to Alliance. (D.I. 28 at 4). The Magistrate Judge's conclusion was partially based on Plaintiff's admission that "it may use a favorable decision in this Court to try to limit coverage owed under the Policy to Alliance." (D.I. 27 at 12; D.I. 26 at 25:25–26:1). As explained above, any such ruling would not bind Alliance. I agree with Plaintiff that Third Circuit case law does not recognize such "persuasive precedent" as establishing prejudice. *See Gen. Refractories Co.*, 500 F.3d at 317; *Janney Montgomery Scott, Inc. v. Shepard Niles Inc.*, 11 F.3d 399, 406–11 (3d Cir. 1993).

I would nevertheless find the first factor favors finding that Alliance is indispensable because I agree with Defendants that existing parties face a substantial risk of prejudice. (D.I. 29 at 5). Defendants face a risk of inconsistent obligations as Alliance is not barred from bringing subsequent litigation over the same issues in this case.[6] *See Gen. Refractories*, 500 F.3d at 320

---

[6] While I did find that Plaintiff also faces a risk of inconsistent obligations, I am hesitant to conclude that Plaintiff faces a substantial risk of prejudice as a result of bringing this litigation.

12

("[T]he first factor under Rule 19(b) 'overlaps considerably with the Rule 19(a) analysis.'")); FED. R. CIV. P. 19 advisory committee's note to 1966 amendment ("The possible collateral consequences of the judgment upon the parties already joined are also to be appraised [when considering the first factor]. Would any party be exposed to a fresh action by the absentee, and if so, how serious is the threat?"). As Plaintiff's argument that the Magistrate Judge erred in her analysis of the second factor relies on her application of the first factor (D.I. 28 at 6 n. 5), I also overrule Plaintiff's objection to the second factor.

Plaintiff maintains the Magistrate Judge erred in concluding that, under the third factor, a judgment rendered in Alliance's absence would be inadequate. (*Id.* at 6). Plaintiff asserts that "this Court can render an adequate judgment because it can determine if Defendants are entitled to coverage as additional insureds under the policy—the issue before the Court in this action— without the presence of Alliance." (*Id.*). Any relief granted, however, would be "hollow or incomplete . . . because of the inability to bind [Alliance]." Wright, Miller & Kane, *supra*, § 1608, at 117–18. Plaintiff argues that "whether there may be future litigation involving Alliance is not the proper inquiry under this factor." (D.I. 28 at 6). Plaintiff cites no authority for its proposition. On the contrary, this consideration accounts for the "public stake in settling disputes by wholes, whenever possible" and the "social interest in the efficient administration of justice and the avoidance of multiple litigation." *Republic of Phil. v. Pimentel*, 553 U.S. 851, 870 (2008); *see also* Wright, Miller & Kane, *supra*, § 1608, at 117-18, 118 n.37. I agree with the Magistrate Judge's determination that the third factor favors finding that Alliance is indispensable.

The list of enumerated factors in Rule 19(b) "does not exhaust the possible considerations the court may take into account; it simply identifies those that will be most significant in most

13

cases." Wright, Miller & Kane, *supra*, § 1608, at 91. "Moreover, the rule does not state what weight is to be given to each factor." *Id.* "This must be determined by the court in terms of the facts of a given case and in light of the governing equity-and-good-conscience test." *Id.* § 1608, at 91–92.

Alliance is the primary policyholder of the insurance policy at issue. (D.I. 15 at 3–4). Any judgment in the present action primarily affects Alliance's interests, given its contractual promise to indemnify Defendants against any claim related to the Holiday Inn. (*Id.* at 4). "[T]his case involves determining the scope of coverage of an Ohio company's insurance policy, likely applying Ohio law, for injuries that are alleged to have occurred in Ohio." (D.I. 27 at 14). Plaintiff does not contest that it can bring a "comprehensive action" in Ohio that would include all relevant parties. (*Id.* at 13). Despite these circumstances, Plaintiff brought this declaratory judgment action in a court where joinder of Alliance is infeasible. Plaintiff's argument is not helped by its candid admission that "it may use a favorable decision in this Court to try to limit coverage owed under the Policy to Alliance." (*Id.* at 12). Weighing the relevant factors "in light of the governing equity-and-good-conscience test," I find Alliance to be an indispensable party. Wright, Miller & Kane, *supra*, § 1608, at 91–92. I note that, even if I were to focus primarily on the lack of prejudice to Alliance in my analysis of the first and second factors, the equities of this case would counsel towards according greater weight to the other considerations, which stand in favor of finding that Alliance is an indispensable party.

For the foregoing reasons, I adopt the Magistrate Judge's recommendation to dismiss this case under Rule 12(b)(7).

### B. Declaratory Judgment Act

The Magistrate Judge alternatively recommends that I decline discretionary jurisdiction under the Declaratory Judgment Act. (D.I. 27 at 13). I agree with, and adopt, the Magistrate Judge's discussion of *Reifer* factors one, two, three, four, six, and seven. I address only those factors on which my analysis differs.

Plaintiff argues that the fifth factor weighs in favor of exercising jurisdiction due to the absence of a parallel state court proceeding. (D.I. 28 at 7). I agree with the Magistrate Judge's rationale that existence of the pending federal court action in Ohio invokes similar concerns to the "general policy of restraint" at play when there is a pending state court action. (*See* D.I. 27 at 15 (citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144 (3d Cir. 2014)); *see State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000) (recognizing "the necessity of restraint . . . so that we do not overburden the already crowded docket of the state appellate courts with too many certifications.")). Unlike the Magistrate Judge, however, I view this parallel federal court action as a separate consideration (in favor of declining jurisdiction) from the fifth enumerated factor which specifies looking at actions "pending in state court." *Reifer*, 751 F.3d at 146; *see id.* at 148 ("These factors are non-exhaustive, and there will be situations in which district courts must consult and address other relevant case law or considerations."). I note that this distinction ultimately does not cause my analysis to stray from that of the Magistrate Judge; though she states that the fifth factor was "neutral or slightly in favor of declining jurisdiction," the Magistrate Judge's weighing of the factors appears to treat the fifth factor as if it were in favor of exercising jurisdiction. (D.I. 27 at 15; *see id.* at 16 ("I am persuaded that the lack of pending state court proceedings here is outweighed by the other factors in the case.")).

15

Plaintiff contends that the eighth factor is neutral because "the inherent conflict of interest in the insurance context . . . would exist if [Plaintiff] pursued its claims in another forum." (D.I. 28 at 10 (citing *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014))). Some district courts have taken the position that consideration of this factor involves accounting for whether the conflict of interest would remain the same if the insurance coverage dispute were litigated in state court rather than federal court. *See Scottsdale*, 303 F.R.D. at 240; *Atain Specialty Ins. Co. v. Da Silva*, 2021 WL 2660307, at *6 (D.N.J. June 29, 2021); *but see Evanston Ins. Co. v. Sea Light Design-Build, LLC*, 2022 WL 903524, at *4 (D. Del. Mar. 28, 2022). The Third Circuit case from which this factor originates, *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213 (3d Cir. 1989), does not include any discussion to support the conclusion that the distinction between state and federal court matters.

I nevertheless conclude the eighth *Reifer* factor weighs in favor of exercising jurisdiction because the conflict of interest contemplated in *Terra Nova* does not exist in the present circumstances. While both parties refer to the "inherent conflict of interest," they do not identify what this conflict actually encompasses. The Third Circuit cases citing *Terra Nova* similarly do not provide much insight about the precise nature of the conflict. *See Reifer*, 751 F.3d 129; *Summy*, 234 F.3d 131; *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071 (3d Cir. 1991).

The "inherent conflict of interest" language stems from the *Terra Nova* court's acknowledgement that "the [district] court cited "the 'inherent conflict of interest' between Terra Nova's duty to defend 900 Bar [against assault and battery and other tort claims] and its efforts to prove the factual basis for invoking the assault and battery policy exclusion." *Terra Nova*, 887 F.2d at 1217. The court noted this "potential conflict of interest problem" existed when

16

"'the same factual question' lies at the heart of both an insurance coverage dispute and the underlying tort action." *Id.* at 1225 (citing John L. Kirkland & Jill B. Berkeley, *Declaratory Judgment Suits: Use in Insurance Coverage Litigation*, 33 Fed'n of Ins. Counsel Q. 243, 252 (1983)). In other words, consideration of the eighth *Reifer* factor protects the insured from collateral estoppel effects that might bar it from litigating questions of fact in the underlying state court trial as a result of arguments raised by the insurer in the declaratory judgment action. *See Terra Nova*, 887 F.2d at 1225. The *Terra Nova* court ultimately concluded that it did not need to reach the facts in the underlying state court case, and therefore no conflict of interest existed, because "Terra Nova consistently stated that it was seeking a declaration on the duty to defend based solely on the state court pleadings." *Id.* at 1226; *see also id.* ("[Terra Nova] disclaimed any desire to explore the facts in the underlying actions. Accordingly, consideration of the duty to defend would not have posed a conflict between Terra Nova's putative duty to defend and its interest in avoiding coverage.").

There is no need to "investigate or determine any facts at issue in the [Underlying Action] to decide the coverage question" in the present case. *Id.* at 1226. Neither Delaware law nor Ohio law requires looking further than the pleadings in the Underlying Action to address Plaintiff's duty to defend.[7] I therefore find that the eighth factor favors exercising jurisdiction because the "inherent conflict interest in the insurance context" does not exist here.

---

[7] The eighth factor does not appear to be relevant to the analysis of an insurance company's duty to indemnify. The *Terra Nova* court considered this conflict of interest only in the context of the insurance company's duty to defend. *See Terra Nova*, 887 F.2d at 1125–27. This conclusion is consistent with the previously noted ripeness concern and notion that deciding Plaintiff's indemnity obligation should wait until after resolution of the Underlying Action (which would have likely resulted in a stay of the duty to indemnify dispute if I had decided to exercise jurisdiction over this case). *See supra* note 5.

I also adopt the Magistrate Judge's analysis of the additional guidance under *Summy* that applies to insurance cases. (*See* D.I. 27 at 6–7; *Reifer*, 751 F.3d at 141 ("[W]hen applicable state law is 'uncertain or undetermined, district courts should be particularly reluctant' to exercise DJA jurisdiction." (quoting *Summy*, 234 F.3d at 135))). Plaintiff and Defendants both acknowledged that Ohio law is "unsettled, under attack, or developing" on the issue of whether sex trafficking is an "occurrence" for purposes of insurance policy interpretation. (D.I. 27 at 16 (cleaned up); *see* D.I. 26 at 31:6–7, 37:7–18). Considering the circumstances of this case, namely that it "involves determining the scope of coverage of an Ohio company's insurance policy, likely applying Ohio law, for injuries that are alleged to have occurred in Ohio," I believe this consideration should be accorded significant weight. (D.I. 27 at 14).

Weighing all the relevant factors, I find it appropriate to decline jurisdiction. Plaintiff focuses on the fifth factor, which it regards as "the most important factor." (D.I. 28 at 7). "The absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Reifer*, 751 F.3d at 145. "[T]he existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider when exercising its [Declaratory Judgment Act] jurisdiction." *Id.* at 143–44. "[A]s part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 145. I am convinced that the lack of pending state proceedings under the fifth factor and the absence of a conflict of interest under the eighth factor are outweighed by the other factors in this case.

For the reasons above, even if Alliance were not a necessary and indispensable party, I would decline to exercise declaratory judgment jurisdiction.

## IV. CONCLUSION

An appropriate order will issue.